## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON SHOLA AKANDE,<br>*Plaintiff*,<br><br>v.<br><br>TINA SCHNEIDER,<br>*Defendant*. | No. 3:19-cv-00937 (JAM) |

## ORDER TO SHOW CAUSE
## WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Jason Shola Akande was convicted after a jury trial on multiple criminal charges in the District of Connecticut. He has now filed this lawsuit *pro se* seeking $20 million in damages against a lawyer—defendant Tina Schneider—who was appointed by the Second Circuit Court of Appeals to represent him on appeal. Akande alleges that Schneider violated his rights under the Fifth and Sixth Amendments to the U.S. Constitution and that she committed legal malpractice. Because it appears to me that the complaint lacks merits as a matter of law, I am issuing this order to show cause to allow Akande to explain why his complaint should not be dismissed.

### BACKGROUND

Akande was convicted after a jury trial on all three counts of a superseding indictment that charged him with conspiracy to commit passport fraud, passport fraud, and making false statements to immigration authorities. *See United States v. Carter*, 448 F. App'x 112, 113 (2d Cir. 2011) (discussing charges against Akande). He appealed to the Second Circuit, and the Second Circuit appointed Schneider to represent him pursuant to the Criminal Justice Act. Akande told Schneider all of the claims he wished her to pursue on appeal, but Schneider told

him that it was her "professional decision" not to raise all these claims, and she advised him that he could file a *pro se* supplemental brief to raise any claims that she did not pursue in her briefing to the Second Circuit. Doc. #1 at 7-8; *see also Jones v. Barnes*, 463 U.S. 745 (1983) (discussing how a lawyer's exercise of professional judgment to decline to raise all non-frivolous appeal issues requested by the client does not violate the Constitution).

The Second Circuit affirmed Akande's conviction. Except as to Akande's claim that his trial counsel was ineffective (for which the record was not sufficiently developed to resolve on appeal), the Second Circuit listed and then rejected all the claims that Schneider raised as well as those additional claims raised by Akande in his supplemental brief. *See Carter*, 448 F. App'x at 113-14.

Akande subsequently filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, but the motion was denied. *See Akande v. United States*, 2013 WL 5873385 (D. Conn. 2013). Akande did not claim in his motion for post-conviction relief that Schneider had rendered ineffective assistance of counsel on appeal. *Ibid.*

Akande has now filed this lawsuit, claiming for the first time—almost eight years after Schneider's representation of him on appeal—that Schneider violated his rights. He alleges that she "knowingly and willfully sold [his] precious freedom, to the Connecticut federal prosecution" and that she "back-stabbed" him. Doc. #1 at 3 (internal quotation marks, capitalization, and boldface omitted). In particular, Akande complains that Schneider failed to raise all the claims he wished her to pursue on appeal and to file "documentary evidence" in support of the claims he wanted her to pursue. Doc. #1 at 9-10. He also complains that she failed to tell him about "exculpatory evidence"—to wit: that the charges in the *original* indictment that was filed against him were dismissed after he was convicted on the charges in the *superseding*

indictment. *Id.* at 10-12.[1] Akande claims Schneider violated his rights under the Fifth Amendment and the Sixth Amendment and that she engaged in legal malpractice for which she should pay him $20 million in damages. *Id.* at 17.

DISCUSSION

Akande has filed this case *pro se* and *in forma pauperis*. This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). Because the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Akande may respond.

### Constitutional claims

Akande alleges that Schneider violated his right to due process under the Fifth Amendment and his right to effective assistance of counsel under the Sixth Amendment. These claims appear to lack merit as a matter of law. The U.S. Constitution generally regulates the

---

[1] Although I need not reach the merits of Akande's claims in this ruling, it is a routine matter for the government to move to dismiss charges in an original indictment after a grand jury has returned a superseding indictment. There is no merit to Akande's claim that it is somehow "exculpatory" for a court to dismisses charges in an original indictment after the return of a superseding indictment.

conduct of the government and government officials, not private persons. Despite the fact that public defenders are paid by the government, the Supreme Court has made clear that public defenders are not governmental actors who may be subject to liability for violating a client's constitutional rights "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928-29 (2019) (discussing how "this Court's state-action doctrine distinguishes the government from individuals and private entities" and that "representing indigent criminal defendants" does not qualify as "state action" for purposes of a plaintiff's claim that there has been a violation of the Constitution). This precedent suggests that Akande has no grounds to hold Schneider liable under the Fifth or Sixth Amendment with respect to her court-appointed advocacy role on Akande's appeal.

To the extent that Akande further alleges that Schneider became a state actor by conspiring with governmental prosecutors to "back-stab" him, these claims are wholly conclusory and insufficient to sustain plausible grounds for relief against Schneider. *See, e.g.*, *Allen v. Antal*, 665 F. App'x 9, 14-15 (2d Cir. 2016) (complaint insufficient where it alleged "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights"); *Akande v. Philips*, 386 F. Supp. 3d 281, 291 (W.D.N.Y. 2019) (rejecting similarly conclusory conspiracy claims by Akande against private persons who allegedly conspired with federal immigration agents to mistreat him). In short, it appears that there is no plausible basis for Akande's claims that Schneider violated his rights under the Constitution.

### *Legal malpractice*

 Akande alleges that Schneider engaged in legal malpractice, which is a type of negligence claim that arises under state law. It is the general rule, however, that a plaintiff may

not maintain an action for malpractice against a criminal defense attorney absent a showing that the underlying criminal conviction has been vacated. *See Taylor v. Wallace*, 184 Conn. App. 43, 48-52 (2018); *Lasher v. Stavis*, 2018 WL 2976016, at \*2 (S.D.N.Y. 2018); *McCurvin v. Law Offices of Koffsky & Walkley*, 2003 WL 223428, at \*3 (D. Conn. 2003). Accordingly, in the absence of any showing that Akande's convictions have been overturned, it appears there are no grounds for Akande to hold Schneider liable for a claim of legal malpractice.

## CONCLUSION

For the reasons stated above, Akande's complaint appears to lack merit and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). If Akande has grounds to show why his complaint should not be dismissed, then Akande shall file a response to this order to show cause by **October 26, 2019.**

It is so ordered.

Dated at New Haven this 16th day of October 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge